UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT K. DECKER, #51719-074

                Petitioner,

      v.

DANIEL SPROUL,

                Respondent.

Case No. 3:24-cv-02211-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on preliminary review of Decker's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Decker filed his petition on September 23, 2024, and asked that it be resolved on an expedited basis. As it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief, the Court hereby **DISMISSES** his petition with prejudice.

Decker is currently incarcerated at the Federal Correctional Institution in Marion, Illinois. Decker's anticipated release date is currently June 9, 2026. Decker alleges that "he should have been transferred to a halfway house [because] he was eligible as of September 9, 2024." (Doc. 1).

On October 11, 2016, Decker was indicted in the Southern District of Florida on two counts: conspiracy to distribute a controlled substance (Count 1) and conspiracy to commit money laundering (Count 2). (Case No. 1:16-cr-20769-DMM, Doc. 15) (S.D. Fla. 2016). Decker pled guilty and was sentenced to serve 140 months on both counts, to run concurrently, with credit for time served, and three years of supervised release. (*Id.*, Doc. 68).

1

Habeas petitions under § 2241 operate under the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "HABEAS RULES."). HABEAS R. 1(b). Under the Habeas Rules, when a § 2241 petition has been filed and the filing fee has been paid, a court reviews the petition on the merits before allowing it to proceed. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." HABEAS R. 4.

A § 2241 petition for a writ of habeas corpus is the proper vehicle for challenging the fact or duration of confinement, or for seeking an immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). "Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody." *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

In his § 2241 petition, Decker does not challenge the fact or duration of his confinement, nor does he seek quicker or immediate release; rather, Decker argues that he is entitled to placement in a halfway house. Decker was allegedly told that he was no longer scheduled to be placed in a halfway house due to a "'[g]litch' in the system." (*Id.*). Additionally, Decker asserts that he was told the halfway house he was scheduled to be transferred to had been suspended by the Northern Regional Office. Furthermore, Decker believes that:

> [H]is Analyst and the . . . "Counter Terrorism Unit" analyst . . . [are]
> blocking the transfer to the halfway house [in another example of] repeated
> retaliation . . . that [Decker] has endured [from his analyst] during his entire
> incarceration within the . . . "Communications Management Unit" in Terra
> Haute, Indiana and Marion[,] Illinois . . . . Decker presently has a lawsuit
> against his analyst . . . for abuse of process, amongst other issues in this
> Honorable Court.

(*Id.*). Decker also claims that the Bureau of Prisons ("BOP") failed to communicate with an individual from Decker's home in Detroit, Michigan, to coordinate his placement in a halfway house there. Instead, the BOP planned to place him in a halfway house in Miami, Florida. Decker believes that he is being punished for a flippant statement he made about "needing a vacation" upon discovering that his halfway house was in Miami. Decker asserts that he is eligible for transfer according to BOP records, that only his specific halfway house has been suspended, and that other inmates are being placed in different halfway houses. In essence, Decker requests that this Court order the Bureau of Prisons to place him in a halfway house.

The Court does not have jurisdiction to entertain such a request. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" over placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different placement). The defendant may seek relief from the Bureau of

Prisons by filing an administrative remedy, but the Court cannot order the BOP to grant relief.

Ultimately, Decker's claims are not cognizable under a § 2241 petition. Not only do Decker's claims concern the location, program, or environment of his incarceration—which fall under "conditions of confinement" and are excluded from habeas relief—but Decker takes issue with the halfway house management, placement, and eligibility; yet those administrative matters are reserved by law to the Bureau of Prisons. There is no basis for the Court to issue a writ of mandamus—for that is what Decker truly seeks, not a writ of habeas corpus—ordering the Bureau of Prisons to place him in a halfway house. Even if BOP placements could be challenged in court, these administrative issues are the exact kind of minutia that executive agencies, such as the Bureau of Prisons, are best equipped, experienced, and empowered to administer.

As this Court has explained to Decker before, issues with conditions of confinement are reserved for civil rights lawsuits, not habeas petitions. If Decker asserts that his civil rights have been violated, that is a different matter, but the Court cannot interpret a § 2241 petition as a civil rights action—especially when Decker has clearly and unambiguously invoked § 2241 in his petition. Therefore, as far as § 2241 is concerned, Decker's petition has no merit and must be dismissed.

Furthermore, this is the *seventh* habeas petition that Decker has filed in the past two years. In both his most recent petition and this petition he asks for expedited action and repeatedly asks for status updates on his cases. A writ of habeas corpus is an extraordinary remedy, often one of last resort; it is not a vehicle for lodging every single grievance an inmate has with the prison administration. Moreover, motions to expedite should be reserved for pressing matters where time is truly of the essence, not matters that a petitioner simply wants resolved more quickly than other matters before the Court. Frivolous petitions, motions, and

cases serve only to clog the courts for other litigants and slow the administration of justice.

## CONCLUSION

As it plainly appears from Decker's § 2241 petition for writ of habeas corpus and the attached exhibits that he is not entitled to relief, the Court hereby **DISMISSES** the habeas petition, (Doc. 1), with prejudice, **DENIES** all other pending motions as moot, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 10, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**